```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **MARIO MIMS,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION 06-00574-CG-B |
| **JERRY FERRELL,** | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Mario Mims, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 3).  Mims was convicted of manslaughter and was sentenced to twenty years imprisonment by the Baldwin County Circuit Court on March 29, 2006. (Doc. 11, Ex. 1F).  Following his conviction and sentence, Mims appealed his sentence and filed a motion requesting that he be granted an appeal bond, which was denied by the Circuit Court. (Doc. 11, Exs. 1G, 1H).  The record does not indicate, and Mims does not allege, that he undertook further action in the state courts regarding his motion for an appeal bond.

In his amended petition, filed in this Court on November 1, 2006, Mims challenges the Baldwin County Circuit Court's denial of his request for an appeal bond. (Doc. 3).  According to Mims, the state court "vindictively" denied him the right to an appeal bond, and because he was convicted of the lesser included offense of manslaughter rather than of capital murder, for which was indicted,

the denial of his motion for an appeal bond was improper. (Id. at 7).

Respondent filed an Answer, on January 22, 2007, wherein he asserts that Mims' habeas petition is subject to dismissal because Mims has not fully exhausted his available remedies by presenting his claim for review in the Alabama state courts. (Doc. 11).

The Court reviewed its records and discovered that subsequent to the filing of Mims' habeas petition and Respondent's Answer, on November 5, 2007, Mims initiated another action in this Court which is based on the same underlying state manslaughter conviction and sentence, namely Mims v. Ferrell, et al., CA No. 07-00790-CG-B.[1] In the latter action, Respondents produced evidence that the direct appeal of Mims' conviction has concluded and that he is presently pursuing remedies through a Rule 32 petition in the state court. See (CA No. 07-00790-CG-B, Docs. 1, 10).

Article III, § 2 of the U. S. Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed. 2d 400 (1990); Fla.

---

[1] The Court takes judicial notice of its records. ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Serv., 225 F.3d 1208, 1217 (11th Cir. 2000)("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. De La Teja v. U.S., 321 F.3d 1357, 1362 (11th Cir. 2003).

In an Order dated July 2, 2009 (Doc. 29), the Court observed that given that the crux of Mims' claim is that he was improperly denied an appeal bond, and the fact his direct appeal is no longer pending, no justiciable controversy remains, and Mims' petition has been rendered moot.[2] See, e.g., Carr v. King, 2007 U.S. Dist. LEXIS 69127, at *2-3 (S.D. Miss. Sept. 17, 2007) ("The petitioner's only ground for habeas relief is that he should be granted a reasonable bail pending his direct appeal of his state criminal conviction. ... A criminal defendant's constitutional claim to pretrial bail clearly becomes moot once he is convicted. Murphy v. Hunt, 455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982). The same is true once the direct appeal of the criminal conviction is decided. See Id. The petitioner in the instant habeas civil action states that

---

[2]As such, the Court directed Mims to show cause, by July 31, 2009, why his habeas petition should not be dismissed as moot. (Doc. 29). To date, Mims has not responded in any manner to the Court's Order.

his appeal to the Mississippi Court of Appeals and the Mississippi Supreme Court was decided on May 8, 2007, and is no longer pending. ... Therefore, since his appeal has been decided, petitioner's request for bail while his direct appeal is pending has been rendered moot.") (citations omitted); Weeks v. Wyrick, 638 F.2d 690, 693 (8th Cir. 1981)(contending that "the lack of any ongoing appeal of Weeks' conviction renders moot the question of bail pending direct appeal"); Hernandez v. Wainwright, 296 F. Supp. 591, 593 (M.D. Fla. 1969) (holding that because petitioner's appeal had been decided, his request for bond pending appeal was moot). Accordingly, because the proceedings in Mims' direct appeal have concluded, this Court can no longer grant him the requested relief, namely that he be granted a bond during the appeal of his conviction and sentence, even if the Court were disposed to do so. Thus, Mims' habeas petition has become moot. Therefore, the undersigned RECOMMENDS that Mims' petition be dismissed as MOOT.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Mims' petition for habeas corpus relief should be dismissed as MOOT. It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **4th** day of **August, 2009.**

                                            **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.